UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wanda Stella,                                                    Civil No. 06-3564 (JRT/FLN)

      Plaintiff,

      v.                                                          **REPORT AND**
                                               **RECOMMENDATION**

Jeffrey Anderson, Pete Kohman, et al.,

      Defendants.

_____

Nicholas P. Slade for Plaintiff.
No appearance for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 20, 2007, on Plaintiff's motion for an order of default judgment against Defendants Jeffrey Anderson, JD Investments and Wildcat Investments [#27]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion be granted.

**I.     FINDINGS OF FACT**

The Clerk of Court made an entry of default [#17] against Defendants Jeffrey Anderson, JD Investments and Wildcat Investments (hereinafter "Defendants") on January 3, 2007 for a failure to plead or otherwise defend this action brought by Plaintiff. Defendants have been properly served and have yet to enter an appearance in this matter. The Plaintiff seeks a judgment by default pursuant to Fed. R. Civ. P. 55(b)(2).

The Court accepts the factual allegations in the complaint as true. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001). In summary, these allegations establish that Defendants engaged in a scheme to defraud Plaintiff of the title to her home and the equity that she

had accrued in the home.  The Defendants violated the Truth in Lending Act (hereinafter "TILA"),

15 U.S.C. §1635, the Home Ownership and Equity Protection Act (hereinafter "HOEPA"), 15

U.S.C. §1639, and Minn. Stat. §325N.  The Court finds that Plaintiff paid Defendant $56, 229.02

in finance charges and fees.

## II.   CONCLUSIONS OF LAW

The transaction that occurred between Plaintiff and Defendants constituted an equitable

mortgage.  The transaction between the parties was a loan granted upon the receipt of property as

security, therefore it is an equitable mortgage.  Peterson v. Johnson, 720 N.W.2d 833, 838 (Minn.

App. 2006).

For violations under TILA, Defendants are liable to Plaintiff for statutory damages of twice

the amount of the finance charge, not to exceed $2,000.  15 U.S.C. §1640(2)(A)(i)&(iii).  For

violations under HOEPA, Defendants are liable for an amount equal to the sum of all finance

charges and fees paid by the consumer.  15 U.S.C. §1640(4).  Since the Plaintiff actually paid

$11,520 in finance charges and $44,709.02 in fees, Defendant is liable for statutory damages of

$2,000 for TILA violations and $56,229.02 for HOEPA violations.

For violations under Minn. Stat. § 325N, Defendants can be liable for exemplary damage not

to be less than one and a half times the actual damages, if the Court deems exemplary damages to

be appropriate.  Minn. Stat. § 325N.15, Subd. 2.  The award of exemplary damages does not restrict

any other remedy that is otherwise available.  Minn. Stat. § 325N.18, Subd. 3.  The Court finds that

Defendants conduct warrants the award of exemplary damages are appropriate in the amount of

$84,343.53, which is one and a half times the amount that Plaintiff actually paid to Defendant

Both TILA and Minn. Stat. 325N, provide for the award of attorney's fees and costs.  The

Court has reviewed the affidavit submitted by the Plaintiff's counsel and finds that an award of attorney's fees and costs is appropriate in the amount of $16,993.75.

Pursuant to 15 U.S.C. § 1635 and Minn. Stat. 325N.13, Plaintiff is entitled to rescission of the security interest she granted in the property. The Court finds that Plaintiff has rescinded the security interests she granted in the property.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that judgement be entered against Jeffrey Anderson, JD Investments and Wildcat Investments and in favor of Wanda Stella in the amount of $159,566.30.

DATED: March 16, 2007                          s/ *Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 4, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 4, 2007** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.